[Cite as *Platt v. Ohio Dept. of Transp.*, 2011-Ohio-6959.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL PLATT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-07320-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶1}    In his complaint, plaintiff, Michael Platt, relates that on March 16, 2011, at approximately 7:45 a.m. on Interstate 75 southbound, he hit a very large pothole "under the Cincinnati overpass at exit 9." Plaintiff suffered tire and rim damage to his vehicle as a result of the impact.

{¶2}    Plaintiff filed this complaint seeking to recover $516.11, the cost of a replacement tire and wheel and related repair expenses. Plaintiff asserted he incurred these damages as a proximate result of negligence on the part of defendant, Department of Transportation (DOT), in maintaining the roadway. The $25.00 filing fee was paid.

{¶3}    Defendant denies liability in this matter based on the contention that no DOT personnel had any knowledge of the pothole prior to plaintiff's property-damage event. Defendant states the pothole was located at milepost 9.45 on I-75 in Hamilton County. Defendant explained that the overpass referenced by plaintiff in the complaint is "actually the Paddock Road bridge." Defendant notes that DOT records show one report of a pothole was received for I-75 at the Paddock Road entrance but "it was

(received) three months before plaintiff's incident." Defendant denies receiving any other reports of the damage-causing pothole prior to the time which plaintiff encountered it.

{¶4} Furthermore, defendant asserts plaintiff has not produced evidence to show DOT negligently maintained the roadway. Defendant explains that the DOT Hamilton County Manager "inspects all state roadways within the county at least two times a month." Apparently no potholes were discovered at milepost 9.45 on I-75 the last time this roadway was inspected prior to March 16, 2011. Defendant stated that "[a] review of the six-month maintenance history [record submitted] also reveals that general maintenance and inspection is conducted to ensure a properly maintained roadway."

{¶5} Plaintiff did not file a response.

CONCLUSIONS OF LAW

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. To prove a breach of duty by defendant to maintain the highways plaintiff must establish, by a preponderance of the evidence, that DOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find

liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶10} In another case filed with this court, plaintiff David Taylor filed a complaint stating that on February 27, 2011, at approximately 8:00 a.m., he was traveling southbound on I-75 in the left lane when he "hit a large pothole at the 9.5 mile marker right under the Paddock overpass. The pothole was so deep that it broke the belts in my left front tire." The court finds that in all likelihood plaintiff Platt struck the same pothole referenced by plaintiff Taylor. Based upon plaintiff Taylor's sworn statement in Case No. 2011-03839-AD, the court finds that DOT had constructive notice of the pothole plaintiff hit. Additionally, the trier of fact finds it is extremely unlikely periodic inspection activity would not have discovered the damage-causing defect on I-75 southbound under the Paddock Road Overpass at some time between February 27, 2011, and March 16, 2011.

{¶11} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find defendant's assertions persuasive that routine patrols were conducted or that the roadway was adequately maintained. Indeed, the trier of fact finds that there is insuffiicient evidence that the roadway was routinely inspected or that the inspection was adequate. *Kornokovich v. Ohio Dept. Of Transp.*, Ct. Of Cl. No. 2009-05641-AD, 2009-Ohio-7123. Conversely, the trier of fact finds that the roadway was not adequately maintained.

{¶12} Negligence in this action has been proven and defendant is liable to plaintiff for all damages claimed, $516.11, plus the $25.00 filing fee costs. *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor

Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL PLATT

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-07320-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $541.11, which includes the filing fee. Court costs are assessed against defendant.

                      DANIEL R. BORCHERT
                      Deputy Clerk

Entry cc:

Michael Platt
7603 Overglen Drive
West Chester, Ohio 45069

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

9/1
Filed 9/21/11
Sent to S.C. reporter 1/27/12